Tucker, P.
If the mill and mill dam were materially injured by freshes, after the sale and before the report of sale was. confirmed, I should think, upon the authorities, that yfne Ip s^sfíp uTd%)t fall upon the vendee, provided there was * 'rntf'fault inTSaíf. In Davy v. Barber, 2 Atk. 489. Blount v. Blount, 3 Id., 636-8. it was held, that a purchaser must /’ *páy ÍBiÁlivds4üR&g in; if so, he cannot be charged with i lqB|gS£. And in ex parte Minor, 11 Ves. 559. and Twigg v. Fifield, 13 Id. 517. it was held, that the purchaser ought to lie fcoatffdered as having the purchase only from the time of the confirmation of the report of sale. But in Anson v. *377 Towgood, 1 Jac. & Walk. 619. lord Eldon said the confirmation of the report related back, and thus unsettled the doctrine in Twigg v. Fifield. And see the course it behooves the purchaser to pursue to confirm his purchase, Sugd. Law Vend. 39. 40.* So that it is possible the purchaser, in this case, may not be absolved. But the point cannot now be determined ; for the case is clearly coram, non judice. The superiour court of chancery could not entertain the bill, pending the suit in the county court. Therefore, the decree must be reversed, and the bill dismissed.

 Ingraham's edi. Philadelphia 1820.